**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATIONAL CASUALTY
COMPANY,

    Plaintiff,

v.                                                        Case No.   3:21-cv-1188-MMH-LLL

SUTHERN COMFORT
TRANSPORT, LLC, MICHAEL
LAVERNE BRYAN, and DANA
DORAN,

    Defendants.
_____

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte.  On May 9, 2022, Defendant Michael Bryan, acting pro se, purported to file a motion for summary judgment on behalf of Defendant Suthern Comfort Transport, LLC.  See Motion for Final Summary Judgement (Doc. 26).  Upon review, the Court finds that the Motion is due to be stricken.

    As an initial matter, the Court notes that the Motion is unsigned.  Pursuant to Rule 11, Federal Rules of Civil Procedure (Rule(s)), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  See Rule 11(a).  The Rule provides that the Court "must

strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Id.  In this instance, the Court need not provide an opportunity to cure the omission because regardless, the Motion is improper as it appears that it was filed by a pro se individual, Michael Bryan, acting on Suthern Comfort Transport, LLC's behalf.  See Motion at 2 ("I, Michael Bryan of Suthern Comfort Transport LLC request this Court to grant a dismissal of this case.").[1]

While Bryan may represent himself pro se in this matter, he may not represent Defendant Suthern Comfort Transport, LLC.  See Local Rule 2.02(b)(2), United States District Court, Middle District of Florida (Local Rule(s)) ("A party, other than a natural person, can appear through the lawyer only.").  Indeed, a limited liability company, like a corporation, "is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); SEC v. Merchant Capital, LLC, 486 F. App'x 93, 94 n.1 (11th Cir. 2012) ("It is well established . . . that a business organization cannot appear pro se and must be represented by counsel, not merely by a stockholder or officer.").  Because Bryan is not permitted to act on Suthern Comfort

---

[1] The Court notes that the Motion is also procedurally improper because Defendant Suthern Comfort LLC is currently in default.  See Entry of Default (Doc. 14).  If Suthern Comfort wishes to appear and defend itself in this action, it must establish, through counsel, good cause to set aside the default.  See Rule 55(c).

Transport, LLC's behalf, the Motion is improper and due to be stricken.[2]

Accordingly, it is

**ORDERED:**

The Motion for Final Summary Judgement (Doc. 26) is **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of May, 2022.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] The Court notes that the Motion also fails to include a memorandum of law as required by Local Rule 3.01(a). In the event Bryan seeks to file a motion on his own behalf, he should ensure that his motion is signed as required by Rule 11, and that it complies with Local Rule 3.01(a), as well as any other applicable rules. As Bryan is defending himself pro se in this action, the Court recommends that he visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Bryan does not have access to the internet, one free copy of the Handbook may be obtained by mailing the Clerk's Office and referencing this Order. Bryan may also contact the Clerk's Office to obtain information about the Court's Legal Information Program through which pro se litigants can meet with lawyers to ask general questions about the procedures governing cases in federal court.